UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Brandon Adams,

              Plaintiff

v.

CT, et al.,

              Defendants

Case No. 2:24-cv-00218-CDS-MDC

**Order Adopting Magistrate Judge's Report and Recommendation and Closing Case**

[ECF No. 8]

     Pro se plaintiff Brandon Adams brought numerous civil actions in this district alleging a wide array of constitutional violations against various entities and parties. Adams initiated this action on January 31, 2024 without paying the filing fee or applying to proceed *in forma pauperis* (IFP). ECF No. 1. Therefore, Magistrate Judge Elayna J. Youchah ordered Adams to pay the filing fee in full or to file the IFP application by March 4, 2024. ECF No. 3. This case was subsequently transferred to Magistrate Judge Maximiliano D. Couvillier, III. ECF No. 7. After finding that the deadline had passed and Adams had not paid the filing fee, submitted an IFP application, nor requested more time to do so, Judge Couvillier recommended that I dismiss the case for Adam's failure to comply with the court's order. R&R, ECF No. 8.

     Adams had until April 9, 2024 to file any objections to the R&R. *See* LR IB 3-2(a) ("The deadline to file and serve any objections to a magistrate judge's findings and recommendations is 14 days after service of the findings and recommendations."). As of the date of this order, no objections have been filed. Although I am not required to review the report and recommendation,[1] I nonetheless reviewed it, as well as the docket, and agree that Adams failed to comply with the order requiring completion of the IFP form or full payment of the filing fees and that dismissal is thus appropriate.

---

[1] "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

I.        Discussion

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor dismissing Adams' claims. Adams provides no justification for his repeated refusal to comply with court orders and the local rules, nor to attentively prosecute his claims.[2] This makes the court's ability to manage its docket or move cases along expeditiously near impossible. As to the third factor, the court can discern no risk of prejudice to defendants here, given that they were never even served in this matter. The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the need to consider dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic

---

[2] This is not Adams' first failure to comply nor to diligently prosecute his case. *See, i.e.*, 2:23-cv-01923-CDS-MDC; 2:24-cv-00216-CDS-MDC; 2:24-cv-00219-CDS-MDC; 2:24-cv-00220-CDS-MDC; 2:24-cv-00282-CDS-MDC; and 2:24-cv-00392-CDS-MDC.

2

alternatives before the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). I find that no sanction short of dismissal will be effective. Adams was warned that failure to pay the fee or file an IFP by March 4 would result in a recommendation that this action be dismissed[3]—and failed to act. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."). Moreover, Adams had an opportunity to object to the R&Rs recommending dismissal; but failed to do so. Thus, the fifth factor also favors dismissal as I find that, given Adams' pervasive failure to follow court orders in other cases in this district, future opportunities or warnings would not be effective.

Having thoroughly considered these factors, I find dismissal is appropriate here. Thus, I find that Judge Couvillier's recommendation is not clearly erroneous nor contrary to law[4] so I adopt it in full.

## II. Conclusion

IT IS THEREFORE ORDERED that the report and recommendation **[ECF No. 8] ADOPTED in its entirety**.

IT IS FURTHER ORDERED that Adams' complaint is dismissed without prejudice. The Clerk of Court is kindly instructed to close this case.

Dated: May 3, 2024

_____
Cristina D. Silva
United States District Judge

---

[3] ECF No. 3 at 2 ("IT IS FURTHER ORDERED that failure to either pay the $405 filing fee or file a complete application to proceed in forma pauperis by a non-prisoner on or before March 4, 2024 will result in a recommendation to dismiss this action without prejudice.").

[4] A magistrate judge's order should only be set aside if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A).